UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STEPHANIE BROECKER,<br><br>　　　　　Defendant. | 4:18-CR-40027-KES<br><br>ORDER DENYING MOTION TO COMPEL |

Defendant, Stephanie Broecker, moves for an order compelling plaintiff, the United States of America, to file a motion under Rule 35 of the Federal Rules of Criminal Procedure. Docket 122. The United States opposes the motion. Docket 138. Defendant also requests the court to issue an indicative ruling under Rule 37(a)(3) of the Federal Rules of Criminal Procedure. Docket 150. For the following reasons, the court denies defendant's motions.

## BACKGROUND

A full factual background was provided by this court in its Order Denying Motion to Withdraw Guilty Plea. Docket 119. Therefore, the court will only give a simple explanation and points to the Order Denying Motion to Withdraw Guilty Plea for the full background.

On December 6, 2018, a plea agreement, sealed plea agreement supplement, and statement of factual basis were filed with the court. Dockets 51, 52, 53. All of the documents were signed by Broecker, her retained defense counsel, Lawrence Beaumont, her locally retained defense counsel, Rick

Ramstad, and Assistant United States Attorney, Jennifer Mammenga. Dockets 51, 52, 53.

The plea agreement supplement contained a cooperation provision. Docket 53. The cooperation provision stated that Broecker agreed to fully cooperate with the United States. *Id.* at 1. Cooperation included, but was not limited to, "providing complete and truthful information to the United States" and "providing complete and truthful testimony before grand jury, trial, and at other proceedings as required[.]" *Id.* The plea agreement supplement also stated that any "significant deception or omission by the Defendant with respect to any material fact or issue shall render this agreement voidable[.]" *Id.* at 2.

In exchange for Broecker's cooperation, the United States included a substantial assistance provision within the plea agreement supplement. *Id.* at 2-3. "If the United States Attorney determines that the Defendant's cooperation satisfies the requirements of the Rule 35(b) of the Federal Rules of Criminal Procedure, the United States agrees to move the Court to reduce the Defendant's sentence as authorized by Rule 35." *Id.* at 2. The United States retained some discretion in filing a Rule 35 motion, noting in the supplement that "[t]he decision to file a Rule 35 motion rests within the sole discretion of the United States Attorney. This provision is *not* a promise or a guarantee that a Rule 35 motion will be filed." *Id.* at 3.

On December 10, 2018, the court held a change of plea hearing. Docket 55. At the hearing, Broecker was placed under oath and participated in a Rule

11 colloquy with the court. Docket 97 at 2-14. Broecker pleaded guilty to the charge. *Id.* at 14. The court accepted the plea and found Broecker guilty. *Id.*

On February 26, 2018, Broecker, through Ramstad, filed an *ex parte* motion to discharge Beaumont and appoint Ramstad as her attorney. Docket 58. Broecker made several sworn statements within an affidavit about the adequacy of Beaumont's representation. Docket 58-1. On October 23, 2019, the court held an evidentiary hearing on the motion. Docket 116. Broecker testified under oath at the hearing about the deficiencies of Beaumont's representation. *See* Docket 148 at 6-48.

On October 24, 2019, the court issued its order denying Broecker's motion to withdraw her guilty plea. Docket 119. The court found that Broecker's claim of ineffective assistance of counsel directly contradicted statements Broecker made under oath at her change of plea hearing. *Id.* at 10. The court held that Broecker failed to show a fair and just reason for her to withdraw her guilty plea. *Id.* at 13.

On October 28, 2018, Broecker filed the pending motion to compel. Docket 122. On that same day, the court held Broecker's sentencing hearing. Docket 125. The court sentenced Broecker to the mandatory minimum of 240 months of imprisonment. Docket 127. On December 11, 2019, Broecker filed her notice of appeal. Docket 142. On January 14, 2020, Broecker filed the pending motion for indictive ruling. Docket 150.

**DISCUSSION**

Broecker argues that her motion to withdraw her guilty plea does not relieve the United States of its obligation to file a substantial assistance motion. Docket 123 at 5. The United States argues that Broecker's motion should be denied because she violated the terms of the plea agreement. Docket 138 at 8.

At issue here is whether one of the parties breached the plea agreement supplement. "Plea agreements are essentially contracts and 'should be interpreted according to general contract principles.' " *United States v. Rendon*, 752 F.3d 1130, 1134 (8th Cir. 2014) (quoting *United States v. DeWitt*, 366 F.3d 667, 669 (8th Cir. 2004)). "A prosecutor's agreement that, in any significant degree, induces the defendant to enter a plea, creates a duty to satisfy obligations that have arisen under that agreement." *United States v. Johnson*, 241 F.3d 1049, 1052 (8th Cir. 2001).

"[T]he government has no duty to make [a substantial assistance] motion unless it has entered into a plea agreement with the defendant that creates such a duty." *United States v. Wolf*, 270 F.3d 1188, 1190 (8th Cir. 2001). In a plea agreement, the United States may permissibly retain the sole discretion to determine whether a defendant provided substantial assistance. *See Johnson*, 241 F.3d at 1053. Once the United States determines that the defendant has provided substantial assistance, it becomes obligated to follow through with the agreement and file such a motion. *See id.*

A defendant's due process rights are violated when the United States breaches a promise that induced a guilty plea. *United States v. Van*

*Thournout*, 100 F.3d 590, 594-96 (8th Cir. 1996); *see also Mabry v. Johnson*, 467 U.S. 504, 509 (1984) (indicating that "when the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand."). "When the government breaches a plea agreement, 'the defendant is typically given the option of withdrawing his guilty plea or demanding specific performance.' " *United States v. E.V.*, 500 F.3d 747, 754 (8th Cir. 2007) (quoting *United States v. Goings*, 200 F.3d 539, 544 (8th Cir. 2000)).

Several courts have found that a defendant's untruthful statements breach the plea agreement and release the United States from its obligations under the agreement. *See United States v. Wakefield*, 112 F. App'x 257, 259 (4th Cir. 2004) (finding that the government was not obligated to file a 35(b) motion where the defendant had not been fully truthful, evidenced by the defendant's failure of a polygraph examination); *United States v. Saunders*, 226 F. Supp. 2d 796, 803 (E.D. Va. 2002) (finding that the government was not obligated to file a 35(b) motion where the defendant did not provide complete and truthful cooperation); *Oliver v. United States*, 2015 WL 13684711, at *2 (D.S.C. May 5, 2015) (finding that the defendant breached the plea agreement and relieved the government of its obligation under the plea agreement when the defendant testified falsely at an evidentiary hearing); *United States v. Bey*, 2008 WL 11461793, at *2 (E.D.N.C. Mar. 24, 2008) (finding that the "defendant did not uphold his end of the bargain to provide truthful testimony regarding

5

[a] murder case and the government was therefore not bound to carry out its alleged promise to file a Rule 35 motion.").

Broecker argues that the United States breached the plea agreement by refusing to file a Rule 35 motion. Docket 123 at 5. Additionally, Broecker argues that by "conditioning its continued willingness to file a Rule 35(b) motion on withdraw of Rule 11 motion, the government unilaterally inserted a new, unbargained-for term in the agreement." Docket 141 at 16. The United States argues that Broecker breached the agreement by attempting to withdraw her plea and by providing untruthful statements, and therefore, relieved the United States of its obligation to file a Rule 35. Docket 138 at 8.

Here, the United States agreed to file a Rule 35 motion, if in its sole discretion it determine that Broecker provided substantial assistance. Docket 53 at 3. The court will assume, without finding, that the United States exercised that discretion when it determined that Broecker had provided the requisite substantial assistance. Docket 141 at 17; Docket 124 ¶ 3. "Once the government determined that [Broecker] had provided substantial assistance, it was obligated to follow through with its agreement to file a [Rule 35] motion." *Johnson*, 241 F.3d at 1053.

But if the plea agreement was breached by Broecker, then the United States was no longer obligated to file a Rule 35 motion. *See United States v. Sisco*, 576 F.3d 791, 797 (8th Cir. 2009) (stating the defendant's breach of the plea agreement released the government from its duty to not seek an enhanced sentence). The United States considered the plea agreement breached based on

6

untruthful statements made by Broecker. Docket 138 at 13. The plea agreement specifically stated that cooperation included "providing complete and truthful information to the United States" and "providing complete and truthful testimony . . . at other proceedings[.]" Docket 53 at 1. The plea agreement stated that any "significant deception or omission by the Defendant with respect to any material fact or issue shall render this agreement voidable[.]" *Id.* at 2.

In this court's Order Denying the Motion to Withdraw Guilty Plea, the court noted that Broecker provided several contradictory statements. Docket 119 at 9-10. The court found that Broecker's claim of ineffective assistance directly contradicted statements Broecker made under oath at her change of plea hearing. *Id.* at 10. These contradictory statements pertained to her satisfaction with Beaumont's representation and her belief about the 20-year mandatory minimum sentence. *Id.* at 9-10. At the evidentiary hearing, Broecker "stated her concerns about Beaumont's representation existed when she plead guilty. But she testified under oath during the Rule 11 colloquy at her change of plea hearing that she was 'absolutely' satisfied with Beaumont's representation of her." *Id.* at 9 (citation omitted). Additionally, at the evidentiary hearing, Broecker suggested that she believed the 20-year minimum would not be imposed, but this statement was contradicted by Broecker's statements made under oath at her change of plea hearing where she stated that she understood that the 20-year mandatory minimum applied to her. *Id.* Because Broecker's statements were contradictory, she was either

7

untruthful in the change of plea hearing or in the hearing on her motion to withdraw her guilty plea and the affidavit and supporting brief that were submitted in conjunction with the motion to withdraw her plea of guilty.

The court finds that Broecker breached the plea agreement supplement by providing untruthful statements at one of the hearings. Because Broecker breached the plea agreement supplement, the United States had no obligation to fulfill its duties under the agreement and file a Rule 35 motion.

A majority of Broecker's arguments relate to her ineffective assistance of counsel claim (Docket 141 at 10-16), which this court previously rejected as a basis to withdraw her plea (Docket 119). Broecker argues that she did not waive her right to effective assistance of counsel under the plea agreement. Docket 123 at 5. Broecker contends that any decision by the United States to deny its contractual obligation to file a Rule 35 "cannot be clouded by the Defendant's lawful exercise of her Sixth Amendment right to effective assistance of counsel." *Id.* But the United States's position is not premised on the fact that Broecker filed a motion to withdraw her guilty plea; instead, it is based on her statements contained within the supporting brief, affidavit, and at the evidentiary hearing, all of which contradict Broecker's change of plea testimony. As stated above, the court finds that Broecker's untruthful statements breached the plea agreement supplement. Thus, Broecker's arguments relating to Beaumont's alleged ineffectiveness are misplaced.

**CONCLUSION**

Broecker breached the plea agreement supplement when she provided contradictory statements at her change of plea hearing, in her brief in support of her motion to withdraw her guilty plea, her affidavit, and at the evidentiary hearing. Because Broecker breached the plea agreement supplement, the United States was relieved of its obligation to file a Rule 35 motion in exchange for Broecker's substantial assistance. Thus, it is

ORDERED that the defendant's motion to compel (Docket 122) is denied.

IT IS FURTHER ORDERED that defendant's motion for indicative ruling (Docket 150) is denied as moot.

Dated January 16, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE